UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARVIS LAVI,<br><br>                    Plaintiff,<br><br>          -against-<br><br>BRADLEY SHARP,<br><br>                    Defendant. | 23-CV-3617 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Parvis (Pierre) Lavi, who is a resident of Suffolk County, New York, brings this

*pro se* action in which he asserts claims arising from a bankruptcy action and related proceedings

in the United States Bankruptcy Court for the Central District of California. *See In re Namco*

*Capital Group, Inc.*, No. 2:08-32333 (Bankr. C.D. Cal.); *Sharp v. Lavi*, No. 2:11-1170 (Bankr.

C.D. Cal. June 11, 2015). Plaintiff sues Bradley Sharp, the Liquidating Trustee for Namco

Liquidating trust, who filed an adversary proceeding against Plaintiff and his late wife in the

bankruptcy court. For the following reasons, the Court transfers this action under 28 U.S.C.

§ 1406 to the United States District Court for the Central District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings claims against Defendant Sharpe arising out of or related to his role as Liquidating Trustee for the bankruptcy action in the Bankruptcy Court for the Central District of California. Plaintiff does not allege that Defendant resides in this district or that any of the events giving rise to his claims occurred within this district. Thus, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Los Angeles, California, which is located within the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c). Accordingly, venue lies in the Central District of California, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 3, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge